

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

Signed July 01, 2010

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 10-30177-HDH-11 |
| PIONEER AUSTIN EAST | § | |
| DEVELOPMENT I, LTD. | § | |
| | § | |
| DEBTOR. | § | |
| | § | |
| | § | |

**MEMORANDUM OPINION DETERMINING DEBTOR IS
A SINGLE ASSET REAL ESTATE DEBTOR IN CONNECTION
WITH MOTION FOR RELIEF FROM AUTOMATIC STAY**

On May 25, 2010, there came on for hearing the Motion for Relief from Stay pursuant to sections 362(d)(1), 362(d)(2) and/or 362(d)(3) filed by Grencorp Management, Inc. ("Grencorp") and Pionerg, LLC ("Pionerg"). The Court, having considered the pleadings, arguments of counsel, and relevant legal authorities, concludes for the reasons discussed below that the debtor

is a Single Asset Real Estate debtor as defined in § 101(51B), and is subject to the expedited reorganization procedures of § 362(d)(3). Although debtor did not identify itself as a "single asset real estate case" by placing a check-mark in the appropriate box on the face page of the voluntary petition, debtor falls squarely within the statutory definition of Single Asset Real Estate and, as such, must comply with § 362(d)(3).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion concerns administration of the case and property of the estate, and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(G) and (O).

Factual Background

On January 4, 2010, Pioneer Austin East Development I, Ltd. ("Pioneer") filed with the Court a voluntary petition under Title 11, Chapter 11, United States Code (the "Bankruptcy Code"). Pioneer is a developer in the business of building cohesive and interdependent subdivisions in Austin, Texas. On May 4, 2010, creditors Grencorp and Pionerg filed a Motion for Relief from Stay, asserting the Debtor's exclusivity period had lapsed and debtor failed to file a plan.

Pioneer owns eight parcels of real estate in the North East area of Austin. The debtor's properties are comprised of separate tracts of land, described by separate metes and bounds. One of the eight parcels permits use for parkland, potentially to be dedicated to the City of Austin, and one parcel was financed separately from the other seven parcels. The stated goal of the debtor is to provide housing in Austin, with an emphasis on entry level housing and single family detached homes. Collectively, the parcels are used by the debtor in furtherance of building a cohesive and interdependent housing development. The debtor generates substantially all of its gross income

from the sale of developed lots to third parties for the purposes of permitting such parties to construct single family residences.

Grencorp and Pionerg are secured creditors and contend that, as a single asset real estate debtor, Pioneer must have either filed its plan within ninety days of the petition date with a reasonable possibility of being confirmed in a reasonable time or commenced monthly payments to the secured creditors in an amount equal to interest at the non-default contract rate on the value of the creditor's interest in the debtor's real estate. The debtor denies status as a single asset real estate debtor because the Properties do not constitute a single property or project and because the debtor conducts substantial business on the property.

Analysis

The Bankruptcy Code provides special treatment of single asset real estate debtors, requiring expedited reorganization under § 362(d)(3). Section 101(51B) defines single asset real estate as "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." By definition, a debtor only falls within the scope of § 101(51B) if three criteria are met.

First, the real property must constitute a single property or project. This definition of real property recognizes that real estate development can be completed in separate projects, comprised of several tracts or parcels of land, and still constitute a single property for the purpose of single asset real estate cases. See In re Club Golf Partners, 2007 WL 1176010, *5 (E.D. Tex. 2007) (finding that several separate tracts of land collectively operated as a golf club are a single

property under the definition of single asset real estate). Second, the real property must generate substantially all of the debtor's income. The focus is on the revenues received from the property itself, rather than the fruit of worker's labor and management services. *See id.* Third, the debtor must not be involved in any substantial business other than the operation of its real property and the activities incidental thereto. An absence of active business operations with only passive and truly incidental activities such as the mere receipt of rent will render the property single asset real estate. *See In re Kara Homes, Inc.*, 363 B.R. 399, 406 (Bankr. D. N.J. 2007). In contrast, varied business activities will render a debtor outside the scope of § 101(51B). *See Club Golf Partners*, 2007 WL 1176010 at *6. The inquiry distinguishes between entrepreneurial, active labor and efforts versus merely passive investment income.

Through an affidavit, Debtor admits that substantially all of the gross income is derived from the sale of developed lots to third parties for the purposes of permitting such parties to construct single family residences, thereby satisfying the second element of § 101(51B). However, debtor denies classification as a single asset real estate entity because the real property does not constitute a single property or project and the debtor conducts substantial business other than the operation of the real property and activities incidental thereto.

The Court finds the debtor's property does constitute a single project or property under § 101 (51B). Although the debtor's housing development is comprised of several tracts of land, purchased separately, financed differently, and described by separate metes and bounds, the debtor built "cohesive and interdependent subdivisions" on the property, indicating a unitary purpose. Debtor contends that each parcel is intended for a different use, rendering the properties separate and distinct. However, the separate tracts collectively make up one cohesive housing

development and constitute a single property for this purpose. *See Club Golf Partners*, 2007 WL 1176010 at *5.

Furthermore, the Court finds the debtor does not conduct substantial business on the property other than the business of operating the real property and activities incidental thereto. Debtor submits that substantial business is conducted in the form of designing and redesigning the subdivisions and making improvements to unimproved land. Debtor contends this constitutes active development, but the active criterion the court contemplates involves more dynamic operations. *See id.* In *Club Golf Partners*, the debtor operated various revenue-producing activities including the operation of a golf course, driving range, tennis courts and restaurant. These activities required "entrepreneurial efforts and ongoing hard work of its principals and its other employees." *Id.* at *6. Similarly, a debtor who conducted sophisticated operations on timberland such as planning, growing and maintaining the timber, as well as building and maintaining roads, was held to conduct substantial business other than the operation of the real property. *In re Scotia Pacific Co.*, 508 F.3d 214, 224-25 (5th Cir. 2007).

Debtor's activities on the housing development in Austin are more passive, and more analogous to the facts of *In re Kara Homes*. In that case, the debtor's business included the acquisition of land, the design of homes and condominiums, the marketing and sale of homes, and the building of common space, amenities and roadways. The court held the debtor was a single asset real estate entity because the activities were merely incidental to its efforts to sell the homes or condominiums and thus did not constitute substantial business. *Kara Homes*, 363 B.R. at 406. Here, debtor has no employees and merely operates activities incidental to the sale of the real property to third parties. The fact that one tract may be retained by the debtor and dedicated to

public use does not change the overall composition of the real property or debtor's passive operation thereof. Thus, the Court finds that the debtor falls within the definition of "single asset real estate" debtors and, as such, the expedited reorganization requirements of 362(d)(3) apply. Accordingly, debtor shall file a plan of reorganization or commence monthly payments to Pionerg and Grencorp pursuant to 11 U.S.C. § 362(d)(3)(B) within 30 days. Should the debtor fail to file a plan or commence monthly payments within 30 days, the automatic stay under 11 U.S.C. § 362 will terminate, and Pionerg and Grencorp may exercise any and all of their rights, including the right to foreclose on the debtor's property.

Conclusion

In the case at bar, the debtor clearly falls within the traditional meaning of single asset real estate debtors. Debtor has no third-party employees and the only activities on the land are merely incidental to the development and sale of real property. The planning, designing, marketing and maintenance of the land by the debtor, if performed by or for third parties, could be revenue-generating activities constituting substantial business, but that is simply not the case here. The debtor passively holds the real estate, conducting activities only incidental thereto, and accordingly must comply with the expedited reorganization procedures of 362(d)(3).

***END OF MEMORANDUM OPINION***